*In re Three Aminos, LLC*, No. 23-bk-02202 in the United States Bankruptcy Court for the Middle District of Tennessee.

## SETTLEMENT TERM SHEET AGREEMENT

Settlement between Three Aminos, LLC (Three Aminos), and Laura Lile, M.D. (Dr. Lile) on the one hand, and The ProImmune Company, LLC (ProImmune) and Albert Crum, M.D. (Dr. Crum) on the other hand.

These are the material terms of the settlement between the parties.

1. Three Aminos will destroy all its inventory of Immune Formulation 200 (including inventory that has been relabeled IF200 and inventory that is currently not labeled, whether packaged into blank jars or stored in bulk in drums).

2. Three Aminos will shut down its website.

3. Three Aminos will otherwise cease and refrain from any exploitation of Immune Formulation 200.

4. The non-compete already negotiated, drafted, and agreed upon as part of the parties' prior negotiations (Exhibit A) will be executed by Dr. Lile, Three Aminos, Island Compounding Pharmacy, and Lile Wellness Partners.

5. Dr. Lile will provide the SubChapter V Trustee a confidential sworn personal financial statement in a form agreeable to ProImmune.

6. Jim Tafel, Jr. and Island Compounding Pharmacy will waive their claims in the bankruptcy.

7. Three Aminos will transfer to ProImmune Three Aminos' 50% LLC interests in Innate FFAAP Medicine, LLC and Stress Watchers Oxidative Stress Test Methods, LLC. Three Aminos and Dr. Lile will disclose to ProImmune all known liabilities of Innate FFAAP Medicine, LLC, Prothione LLC, Lipinol LLC, and Stress Watchers Oxidative Stress Test Methods, LLC and

warrant and represent these entities have no undisclosed liabilities to their knowledge and that they have no reason to know of any such liabilities. Dr. Lile will provide ProImmune with all contracts, books and records, clinical trial data, scientific data, and testing data related to the joint ventures.

8. ProImmune and Dr. Crum will waive their claims in the bankruptcy.

9. ProImmune will pay $50,000.00 to the bankruptcy estate.

10. Dr. Lile will pay $50,000.00 to the bankruptcy estate.

11. Three Aminos has calculated that the costs of destruction of inventory in paragraph 1 will be approximately $27,000 based on information from third parties. The parties will endeavor to reduce these costs to the fullest extent possible. To the extent that there is a cost of destruction/disposition evidenced by third party invoices or documentation, ProImmune will pay 50% of the costs up to $14,000.

12. Complete, mutual releases between the parties. This includes that SDNY claims between Dr. Lile, Three Aminos, ProImmune, and Dr. Crum would be released and dismissed with prejudice. Release would extend to any Three Aminos distributors.

13. Parties agree to execute such further documents as are necessary to effectuate the terms of this agreement. The terms of this settlement will be embodied in a consensual plan of liquidation to be filed in the bankruptcy case and a settlement agreement as well as a dismissal order with respect to the cases in the Southern District of New York. In the event of any dispute concerning the terms of such further documents, the parties will submit said dispute to the SubChapter V Trustee sitting as mediator. The bankruptcy court retains jurisdiction to enforce the terms of this Term Sheet Agreement, including deciding the terms of any such further documents that cannot be resolved through mediation, except that any claim concerning the non-compete will be resolved in the United States District Court for the Southern District of New York, or New York

Supreme Court, sitting in New York County, and all parties submit to the venue and jurisdiction of such courts.

WE AGREE TO THIS:

_____

Three Aminos, LLC

_____

Laura Lile, M.D.

Albert B. Crum, M.D.
_____
The ProImmune Company, LLC

Albert B. Crum, M.D.
_____
Albert Crum, M.D.

## EXHIBIT A

Neither Dr. Lile, for herself or through any affiliate, subsidiary, or other company in which she holds any interest or holds any position, either directly, indirectly, through any entity, or through any spouse or relative (the "Lile Parties"), shall undertake any action which would violate Section 12.1 or 12.2 of the Distribution Agreement dated April 24, 2020 for the period set forth in Sections 12.1 and 12.2 of the Distribution Agreement dated April 24, 2020. For the sake of clarity, a product is "substantially similar" if it provides the precursors of glutathione as any combination of one or more of the following ingredients (regardless of the presence of other elements): (1) cystine; (2) glycine; (3) glutamine or a glutamate source; and (4) a selenium source and is sold on the open market through wholesale, retail, direct-to-consumer, or any other form of public distribution. Notwithstanding the foregoing, and solely for the sake of clarification, Dr. Lile shall be allowed to prescribe (a) cystine, (b) glycine, and/or (c) a glutamate or glutamine source to her patients as a private prescription; **provided, however, that Dr. Lile shall not represent herself as a co-inventor of the Immune Formulation 200® formula or the Glutathione Progenitor-Core Synthesis Formula™.**

Further, as set forth in Section 18.4 of the Distribution Agreement dated April 24, 2020, this restrictive covenant shall be binding on the Lile Parties as well as their subsidiaries and affiliates, and their respective shareholders, members, partners, directors, managers, officers, employees, agents, and representatives. For purposes of clarity, this includes, without limitation, Lile Wellness Center and Island Compounding Pharmacy. Further, the Lile Parties shall not indirectly engage in any activity that is not permitted directly.

In the event of any actual or threatened violation of this paragraph, the Lile Parties agree that Dr. Crum and ProImmune will be irreparably injured and will be entitled to injunctive relief (and a temporary restraining order) without the necessity of a bond.

*In re Three Aminos, LLC*, No. 23-bk-02202 in the United States Bankruptcy Court for the Middle District of Tennessee.

## SETTLEMENT TERM SHEET AGREEMENT

Settlement between Three Aminos, LLC (Three Aminos), and Laura Lile, M.D. (Dr. Lile) on the one hand, and The ProImmune Company, LLC (ProImmune) and Albert Crum, M.D. (Dr. Crum) on the other hand.

These are the material terms of the settlement between the parties.

1. Three Aminos will destroy all its inventory of Immune Formulation 200 (including inventory that has been relabeled IF200 and inventory that is currently not labeled, whether packaged into blank jars or stored in bulk in drums).

2. Three Aminos will shut down its website.

3. Three Aminos will otherwise cease and refrain from any exploitation of Immune Formulation 200.

4. The non-compete already negotiated, drafted, and agreed upon as part of the parties' prior negotiations (Exhibit A) will be executed by Dr. Lile, Three Aminos, Island Compounding Pharmacy, and Lile Wellness Partners.

5. Dr. Lile will provide the SubChapter V Trustee a confidential sworn personal financial statement in a form agreeable to ProImmune.

6. Jim Tafel, Jr. and Island Compounding Pharmacy will waive their claims in the bankruptcy.

7. Three Aminos will transfer to ProImmune Three Aminos' 50% LLC interests in Innate FFAAP Medicine, LLC and Stress Watchers Oxidative Stress Test Methods, LLC. Three Aminos and Dr. Lile will disclose to ProImmune all known liabilities of Innate FFAAP Medicine, LLC, Prothione LLC, Lipinol LLC, and Stress Watchers Oxidative Stress Test Methods, LLC and

*ll* 1/29/24

warrant and represent these entities have no undisclosed liabilities to their knowledge and that they have no reason to know of any such liabilities. Dr. Lile will provide ProImmune with all contracts, books and records, clinical trial data, scientific data, and testing data related to the joint ventures.

8. ProImmune and Dr. Crum will waive their claims in the bankruptcy.

9. ProImmune will pay $50,000.00 to the bankruptcy estate.

10. Dr. Lile will pay $50,000.00 to the bankruptcy estate.

11. Three Aminos has calculated that the costs of destruction of inventory in paragraph 1 will be approximately $27,000 based on information from third parties. The parties will endeavor to reduce these costs to the fullest extent possible. To the extent that there is a cost of destruction/disposition evidenced by third party invoices or documentation, ProImmune will pay 50% of the costs up to $14,000.

12. Complete, mutual releases between the parties. This includes that SDNY claims between Dr. Lile, Three Aminos, ProImmune, and Dr. Crum would be released and dismissed with prejudice. Release would extend to any Three Aminos distributors.

13. Parties agree to execute such further documents as are necessary to effectuate the terms of this agreement. The terms of this settlement will be embodied in a consensual plan of liquidation to be filed in the bankruptcy case and a settlement agreement as well as a dismissal order with respect to the cases in the Southern District of New York. In the event of any dispute concerning the terms of such further documents, the parties will submit said dispute to the SubChapter V Trustee sitting as mediator. The bankruptcy court retains jurisdiction to enforce the terms of this Term Sheet Agreement, including deciding the terms of any such further documents that cannot be resolved through mediation, except that any claim concerning the non-compete will be resolved in the United States District Court for the Southern District of New York, or New York

*ll 1/29/24*

Supreme Court, sitting in New York County, and all parties submit to the venue and jurisdiction of such courts.

WE AGREE TO THIS:

_Laura Lile_
Three Aminos, LLC

_Laura Lile M.D._
Laura Lile, M.D.

_____
The ProImmune Company, LLC

_____
Albert Crum, M.D.

**EXHIBIT A**

Neither Dr. Lile, for herself or through any affiliate, subsidiary, or other company in which she holds any interest or holds any position, either directly, indirectly, through any entity, or through any spouse or relative (the "Lile Parties"), shall undertake any action which would violate Section 12.1 or 12.2 of the Distribution Agreement dated April 24, 2020 for the period set forth in Sections 12.1 and 12.2 of the Distribution Agreement dated April 24, 2020. For the sake of clarity, a product is "substantially similar" if it provides the precursors of glutathione as any combination of one or more of the following ingredients (regardless of the presence of other elements): (1) cystine; (2) glycine; (3) glutamine or a glutamate source; and (4) a selenium source and is sold on the open market through wholesale, retail, direct-to-consumer, or any other form of public distribution. Notwithstanding the foregoing, and solely for the sake of clarification, Dr. Lile shall be allowed to prescribe (a) cystine, (b) glycine, and/or (c) a glutamate or glutamine source to her patients as a private prescription; **provided, however, that Dr. Lile shall not represent herself as a co-inventor of the Immune Formulation 200® formula or the Glutathione Progenitor-Core Synthesis Formula™.**

Further, as set forth in Section 18.4 of the Distribution Agreement dated April 24, 2020, this restrictive covenant shall be binding on the Lile Parties as well as their subsidiaries and affiliates, and their respective shareholders, members, partners, directors, managers, officers, employees, agents, and representatives. For purposes of clarity, this includes, without limitation, Lile Wellness Center and Island Compounding Pharmacy. Further, the Lile Parties shall not indirectly engage in any activity that is not permitted directly.

In the event of any actual or threatened violation of this paragraph, the Lile Parties agree that Dr. Crum and ProImmune will be irreparably injured and will be entitled to injunctive relief (and a temporary restraining order) without the necessity of a bond.

_ll_  1/29/24